# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMES SCOTT ALVA,

                                    Petitioner,

v.

UNITED STATES OF AMERICA, et al.,

                                    Respondents.

Case No. 2:25-cv-02124-GMN-MDC

**ORDER**

Petitioner James Scott Alva, a *pro se* litigant, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1).  This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases[1] as well as consideration of Petitioner's Application for Leave to Proceed *In Forma Pauperis* (("IFP") ECF No. 5).  The Court concludes that the Petition is subject to multiple substantial defects and summarily dismisses the Petition without prejudice.  Because Alva paid the filing fee, the Court denies his IFP Application. ECF Nos. 5, 6.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Here, the petition is subject to multiple defects.  To state a claim a habeas petitioner must demonstrate that he is entitled to release from confinement because he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).  "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

cognizable federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (federal courts may not reexamine state court decisions on state law issues).  A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

In addition, the Petition is nearly inscrutable.  It does not set forth any potentially meritorious claim that his custody violates federal law.  He asserts that he is "an artificial person." ECF No. 1-1 at 1.  He further names correctional officers and describes an incident where he alleges that he was denied a "BP-8," and a correctional officer slammed him against a wall. *Id*. at 5.

Federal law provides two main avenues to relief for legal challenges to incarceration: (1) a petition for writ habeas corpus, 28 U.S.C. § 2241, 2254, 2255; and (2) a civil rights complaint, 28 U.S.C. § 1983.  If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016).  Such claims must be brought, if at all, under § 1983. If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must file a civil rights complaint. *Id*. at 933 ("[P]risoners may not challenge mere conditions of confinement in habeas corpus.") (citing *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979)).

Here, the Petition fails to state a cognizable habeas claim.  Alva appears to assert that correctional officers retaliated against him and denied him property.  If he were to succeed on this claim, it would only mean that his conditions of confinement would change.  He would not be released from custody any sooner.  Because success on Alva's claims would not lead to his immediate or speedier release, they do not fall in the "core" of habeas and must be brought, if at all, in a civil rights complaint.

In addition, the Court declines to recharacterize Alva's Petition as a civil rights complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead civil rights claims. *Nettles*, 830 F.3d at 935-36. However, habeas actions and prisoner civil rights cases "differ in a variety of respects—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id*. In this case, the Petition is not amenable to conversion on its face based on the differences between habeas and civil rights cases and because it is not clear whether recharacterization would disadvantage Alva. The Court therefore dismisses the Petition without prejudice and kindly instructs the Clerk of the Court to send Alva the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

**IT IS THEREFORE ORDERED:**

1. Petitioner James Scott Alva's Petition for Writ of Habeas Corpus (ECF No. 1-1) is dismissed without prejudice.

2. Alva is denied a certificate of appealability, as jurists of reason would not find the dismissal of this action to be debatable or wrong.

3. The Clerk of the Court is kindly directed to send to Alva the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

4. The Clerk of the Court is kindly directed to enter final judgment and close this case.

DATED:   February 4, 2026

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE